IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RAINI BURNSIDE,<br>Individually And On Behalf Of All Others,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAELS STORES, INC.<br><br>    Defendant. | Case No.: _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**
Fair Credit Reporting Act Class Action

**COME NOW** the Plaintiff, Raini Burnside, individually, and on behalf of all other putative class members, by and through counsel, and hereby sets forth this representative action for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, as follows:

**PRELIMINARY STATEMENTS**

1. This class action arises from Michaels Stores, Inc.'s (herein referred to as "Michaels" or "Defendant") acquisition and use of consumer and/or investigative consumer reports as those terms are defined by the FCRA (herein referred to collectively as "background report(s)" or "consumer report(s)") to conduct background checks on Plaintiff and other prospective, current and former employees.

2. Defendant routinely obtains and uses information in consumer reports to conduct background checks on prospective and current employees.

3. Defendant relies on information in consumer reports to make decisions regarding

prospective and current employees.

4. Defendant fails to comply with federal mandates for obtaining and using consumer reports for employment purposes. Plaintiff brings this action against Defendant for the violation of these federal laws.

5. The procurement of a consumer report/background report for employment purposes is subject to strict disclosure requirements under federal law pursuant to the FCRA.

6. Among other things, an employer may not procure a background report concerning a job applicant or employee unless a "clear and conspicuous" disclosure is made in a stand-alone document that "consists solely of the disclosure" informing the applicant or employee that a report may be obtained for employment purposes.

7. Defendant did not provide Plaintiff or putative class members with a clear and conspicuous disclosure in writing in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes.

8. Defendant's FCRA disclosure and authorization are embedded within an online employment application which appears as one long continuous web page that applicants fill out, and which contains a liability release, among reams of other extraneous information. For these reasons, among others, Defendant's disclosure form violates the law.

9. As a result of Defendant's wrongful acts and omissions, Plaintiff and other putative class members have been injured, including, without limitation, by having their privacy and statutory rights invaded in violation of the FCRA.

10. As further alleged herein, Defendant's violations occurred because Defendant has willfully failed to properly apprise itself of the statutory mandates before seeking, acquiring, and utilizing background reports to make employment decisions; violated the express and unambiguous provisions of the relevant statute; and/or failed to implement reasonable procedures to assure compliance with statutory mandates.

11. On behalf of herself and the putative class, Plaintiff seeks statutory damages, punitive damages, costs and attorneys' fees, equitable relief, and other appropriate relief for Defendant's systematic and willful violations of the FCRA.

## PARTIES

12. Plaintiff RAINI BURNSIDE is a resident of Ozark, Missouri.

13. Defendant MICHAELS STORES, INC. was and is, upon information and belief, a Delaware corporation headquartered in Texas, and was, at all times relevant to this complaint, engaged in commercial transactions throughout this county, the State of Missouri and the various states of the United States of America.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1331 because this action involves a federal question. Additionally, jurisdiction over Plaintiff's state law claims is based upon the Class Action Fairness Act of 2005, codified as 28 U.S.C. Section 1332(d)(2)(A), because the amount in controversy exceeds five million dollars ($5,000,000), exclusive of interest and costs, and because the parties are diverse because Plaintiff is a resident of Missouri,

Defendant MICHAELS STORES, INC. is an Texas corporation with its principal place of business in Texas,

15. Venue lies within this judicial district pursuant to 28 U.S.C. Section 1391(b) and (c) because Defendants transact business in this judicial district and because Defendant MICHAELS STORES, INC was a resident of this District during the class period.

## FACTUAL ALLEGATIONS

23. Defendant Michaels is North America's largest arts and crafts specialty retailer with more than 1,105 stores in the United States and Canada as of May, 2013.[1] On information and belief, Michaels processes tens of thousands of employment applications per year.

24. In or about December, 2014 Plaintiff applied for work with Defendant by completing Defendant's online Employment Application ("Application"). Defendant's Application, an example of which is attached as Exhibit 1, appears as a long single web page.[2] On information and belief, this same Application was used regularly by Defendant for all online job applicants during the relevant time period pursuant to Defendant's employment policies, procedures, and/or practices. Individuals who came to Defendant's stores to submit applications in person were also directed to apply via the online Application.

25. Plaintiff alleges, on information and belief, that following Plaintiff's submission of the Application, Defendant procured or caused to be prepared a background report on Plaintiff (i.e., a consumer report and/or investigative consumer report, as

---

[1] See http://www.michaels.com/press-kit/ca-press-kit.html, last visited 12/24/2014.
[2] Because Exhibit 1 is a pdf download, it is broken into multiple pages. These page brakes are not part of Defendant's application which is presented to applicants as one long single form.

298791.1 MICHAELS

Case 6:15-cv-03010-MDH   Document 1   Filed 01/09/15   Page 4 of 16

defined by 15 U.S.C. Section 1681a(d)(1)(B) and 15 U.S.C. Section 1681a(e), in accordance with Defendant's standard practice and procedure.

26. Plaintiff further alleges, on information and belief, that Defendant's online job Application is the only thing provided to applicants prior to Defendant procuring a consumer report on them which relates in any way the fact that a consumer report may be procured.

27. Defendant's Application is a comprehensive form which requests all of the information typically required on an employment application, and includes detailed fields for personal information, days and hours available, education, special skills, military service and employment history, among other things.

28. Embedded within Defendant's Application is a section entitled "BACKGROUND CHECK PACKAGE OVERVIEW & INSTRUCTIONS" that is broken into three subsections entitled "DISCLOSURE" "STATE LAW NOTICES" and "AUTHORIZATION." The "DISCLOSURE" section is three paragraphs long and provides, among other things, that the company may share the information obtained with "current or prospective clients, customers, and/or their agents"; that the authorization will continue to remain in effect during employment; and, that the company reserves the right to avail itself of any rights under applicable federal, state or local laws. The "STATE LAW NOTICES" section is eight paragraphs long and contains purported disclosures for seven different states. The "AUTHORIZATION" section repeats that the authorization will remain valid throughout the term of employment and contains an affirmation that the applicant has reviewed and understands "the information, statements, and notices in the

Background Check Disclosure and Authorization form, including the State Law Notices."

29. Immediately following the "BACKGROUND CHECK PACKAGE OVERVIEW & INSTRUCTIONS" is a section entitled "APPLICATION AGREEMENT" which also purports to disclose that a background investigation may be performed and to authorize the furnishing of such information. Importantly, this section also purports to release Michaels and all third parties from any liability, providing, in pertinent part: "I authorize anyone possessing this information to furnish it to Michaels Stores, Inc. and/or a third party company upon request, and release anyone so authorized, Michaels, and any third party company from all liability and damages whatsoever in furnishing, obtaining or using said information."

30. The liability release, lengthy state law notices section and other extraneous information contained within and surrounding Defendant's purported disclosure, examples of which are provided above, would each taken individually suffice to render Defendant's Application non-compliant. Taken together, there is no question that Defendant's Application violates the FCRA, and that the violation is flagrant and serious.

31. Because Defendant's purported disclosure contains extraneous information and is not a clear and conspicuous disclosure that consists solely of the disclosure, it does not meet the requirements under the law.

32. The inclusion of the above extraneous information in the purported disclosure violates Section 1681b(b)(2)(A) of the FCRA.

298791.1 MICHAELS

Case 6:15-cv-03010-MDH   Document 1   Filed 01/09/15   Page 6 of 16

33. Under the FCRA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes, unless the disclosure is made in a document that consists *solely* of the disclosure and the consumer has authorized, in writing, the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).

34. Although the disclosure and the authorization may be combined in a single document, the FTC has warned that the form should not include any extraneous information or be part of another document. For example, in response to an inquiry as to whether the disclosure may be set forth within an application for employment or whether it must be included in a separate document, the FTC stated:

> The disclosure may not be part of an employment application because the language [of 15 U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document not encumbered by any other information. The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure.

35. The plain language of the statute also clearly indicates that the inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements of the FCRA, because such a form would not consist "solely" of the disclosure. In fact, the FTC expressly has warned that the FCRA notice may not include extraneous information such as a release. In a 1998 opinion letter, the FTC stated:

> [W]e note that your draft disclosure includes a waiver by the consumer of his or her rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment

purposes.

36. In a report dated July 2011, the FTC reiterated that: "the notice [under 15 U.S.C. § 1681b(b)(2)(A)] may not include extraneous or contradictory information, such as a request for a consumer's waiver of his or her rights under the FCRA."

37. By including extraneous information in its Application, Defendant willfully disregarded the FTC's regulatory guidance and violated Section 1681b(b)(2)(A) of the FCRA. Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and "clear[] and accurate[]," and thus violates Section 1681b(b)(2)(A).

38. Defendant is aware of the FCRA and that it must comply with its requirements when procuring or causing consumer reports to be procured for employment purposes.

39. As discussed more fully above, the FCRA requires the fact that a consumer report will be procured to be disclosed in a document consisting solely of the disclosure. 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).

40. Defendant is aware that it is required by the FCRA to have provided a disclosure that a consumer report will be procured in a document consisting solely of the disclosure.

41. Despite having knowledge of the FCRA's requirements, Defendant failed to comply with the FCRA.

42. The inclusion of extraneous information that encumbers the disclosure document, as discussed more fully above, is also a willful violation of the FCRA as it runs contrary to the plain language of the FCRA and contrary to FTC guidance.

43. Defendant's multiple violations of the FCRA combined with its knowledge of the requirements of federal and state law is evidence that the Defendant's violations were willful.

## CLASS ACTION ALLEGATIONS

44. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

45. Plaintiff asserts the following Class:

    All employees or prospective employees of the Defendant in the United States who applied for a job by filling out Defendant's online Employment Application, with respect to whom Defendant procured or caused a consumer report to be procured, during the period two years prior to the filing of the Complaint in this action through the date of certification.

66. Members of the Class, as described above, will be referred to as "class members." Excluded from the Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; and (2) the Judge to whom this case is assigned and the Judge's staff. Plaintiff reserves the right to amend the above Class and to add subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

### Numerosity

69. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees. Given the number of employees working for Defendant, Plaintiff believes that during the relevant time period, thousands of Defendant's employees and prospective employees would fall within the definition of the Putative Class.

## Common Questions of Law and Fact

70. Virtually all of the issues of law and fact in this class action predominate over any questions affecting individual class members. Among the questions of law and fact common to the Class are:

   a. Whether Defendant uses consumer report information to conduct background checks on employees and prospective employees;

   b. Whether Defendant fails to disclose to employees that a consumer report would be requested in a standalone form consisting solely of the disclosure;

   c. Whether the Defendant violated the FCRA by procuring consumer report information based on invalid authorizations;

   d. Whether Defendant's violations of the FCRA were willful;

   e. The proper measure of statutory damages and punitive damages; and,

   f. The proper form of injunctive and declaratory relief.

## Typicality

71. Plaintiff's claims are typical of the members of the proposed Class. Defendant typically requires job applicants to apply via an online Employment Application with a purported FCRA disclosure and authorization embedded within a long form that contains extraneous information, including a liability release, which clearly render the disclosure non-compliant. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

## Adequacy of Representation

72. Plaintiff, as a representative of the Class, will fairly and adequately protect the interests of the Putative Class and has no interests that conflict with or are antagonistic to the interests of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the Class.

**Superiority**

73. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Putative Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class members' claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

74. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds that apply generally to the Putative Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

75. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Class predominate over any questions affecting only individual members of the Putative Class, and because a class action is superior to other methods for the fair and efficient adjudication of this litigation. Defendants' conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the

FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against Defendants, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Plaintiff is unaware of any similar claims brought against Defendant by any members of the Putative Class on an individual basis. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

76. Plaintiff intends to send notice to all members of the Putative Class to the extent required by Rule 23. The names and address of the Putative Class members are available from Defendant's records.

## COUNT I

**Failure to Make Proper Disclosure in Violation of FCRA**
**15 U.S.C. §§ 1681b(b)(2)(A)(ii)**

87. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

88. Defendant violated the FCRA by the use of a disclosure form that contains extraneous information other than the disclosure.

89. The foregoing violations were willful. Defendant knew that the disclosure form should consist solely of the consumer report disclosure.

90. Based upon facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendant had and has a policy and practice of failing to provide adequate written disclosures to applicants and employees,

before procuring consumer reports or causing consumer reports to be procured. Pursuant to that policy and practice, Defendant procured consumer reports or caused consumer reports to be procured for Plaintiff and class members without first providing a written disclosure in compliance with Section 1681b(b)(2)(A) of the FCRA.

91. Defendant's willful conduct is reflected by, among other things the following facts:

   a. Defendant is a large corporation with access to legal advice through its own General Counsel's office and outside employment counsel;

   b. Defendant has ignored the plain language of the FCRA and regulatory guidance from FTC Informal Staff Opinions;

   c. Defendant's disclosure is not a standalone document consisting solely of the disclosure; and,

   d. The FCRA requires consumer reporting agencies to provide notice to users of consumer reports of the user's legal obligations under the FCRA prior to the procurement of consumer reports, despite such knowledge Defendant persisted in the conduct that brought forth this action.

92. Plaintiff and the Putative Class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

93. Plaintiff and the Putative Class members are also entitled to punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

94. Plaintiff and the Putative Class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## COUNT II

**Failure to Obtain Proper Authorization in Violation of FCRA
15 U.S.C. § 1681b(b)(2)(A)(ii)**

95. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

298791.1 MICHAELS

Case 6:15-cv-03010-MDH   Document 1   Filed 01/09/15   Page 13 of 16

96. Defendant violated the FCRA by procuring consumer reports relating to Plaintiff and other Putative Class members without proper authorization. *See* 15 U.S.C. § 1681b(b)(2)(A)(ii).

97. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other class members under 15 U.S.C. § 1681b(b)(2)(A)(ii). The Defendant's willful conduct is reflected by, among other things, the facts previously set forth.

98. Plaintiff and the Putative Class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

99. Plaintiff and the Putative Class members are also entitled to punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

100. Plaintiff and the Putative Class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**WHEREFORE,** Plaintiff respectfully requests that this Court issue an Order for the following:

   a. An Order that this action may proceed as a class action under Rule 23(b)(1), (2) and (3) of the Federal Rules of Civil Procedure;

   b. An Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

   c. An Order directing proper notice to be mailed to the Putative Class at Defendant's expense;

   d. An Order finding that Defendant committed multiple, separate violations of

the FCRA;

e. An Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

f. An Order awarding statutory damages in an amount of $1,000 per violation and punitive damages in an amount equal to ten times the award of statutory damages;

g. An Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and,

h. Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all class members have a right to jury trial.


/s/ SPRINGFIELD F. BALDWIN
SPRINGFIELD F. BALDWIN #28005
Attorney at Law
9909 Clayton Rd., Suite 226
St. Louis, Missouri 63124
Tel. No.: (314) 569-5857
Fax No.: (314) 569-9081
e-mail: frankb@fbaldwinlaw.com

ATTORNEY FOR PLAINTIFFS

- and –

J. Christopher Wehrle (To file for Leave to Appear Pro Hac)
Wehrle Law LLC
9909 Clayton Road
Suite LL7
St. Louis, Missouri 63124
Tel: 314-614-4843
Fax: 314-569-9081
chris@wehrlelaw.com

Lionel Z. Glancy (To file for Leave to Appear Pro Hac)
Mark S. Greenstone (To file for Leave to Appear Pro Hac)
Marc L. Godino (To file for Leave to Appear Pro Hac)
Glancy Binkow & Goldberg LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Tel:   310-201-9150
Fax:   310-201-9160
lglancy@glancylaw.com
mgreenstone@glancylaw.com
mgodino@glancylaw.com

Jon A. Tostrud (To file for Leave to Appear Pro Hac)
Tostrud law Group, P.C.
1901 Avenue of the Stars, Suite 200
Los Angeles, CA. 90067
Telephone:     (310) 278-2600
Facsimile:     (310) 278-2640
Email: jtostrud@tostrudlaw.com


ATTORNEY FOR PLAINTIFFS